THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-8437-CIV-MIDDLEBROOKS/JOHNSON

SECURITIES AND EXCHANGE COMMISSION, :

                          Plaintiff, :

vs. :

ALBERT J. DUNLAP *et al.*, :

                       Defendants. :

```
FILED by ___ D.C.

JAN 2 7 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.
```

**FINAL JUDGMENT AS TO DEFENDANT ROBERT J. GLUCK**

Defendant Robert J. Gluck ("Defendant") having (i) entered a general appearance;

(ii) consented to the Court's jurisdiction over Defendant and the subject matter of this action;

(iii) without admitting or denying the allegations of the Amended Complaint (except as to

personal and subject matter jurisdiction, which he admits), consented to entry of this Judgment

without further notice; (iv) withdrawn any papers filed in this action, including his Answer to the

Amended Complaint, filed on or about July 26, 2001, to the extent that they deny any allegation

in the Amended Complaint; (v) waived findings of fact and conclusions of law; and (vi) waived

any right to appeal from this Judgment, it is now:

1

## I.

**ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from violating or aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, (1) employing any device, scheme or artifice to defraud; (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from violating or aiding and abetting violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by, directly or indirectly, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, (1) employing any device, scheme, or artifice to defraud; (2) obtaining money or property by means of any untrue statement of a material fact or

2

any omission to state a material fact necessary in order to make the statements made, in the light

of the circumstances under which they were made, not misleading; or (3) engaging in any

transaction, practice, or course of business which operates or would operate as a fraud or deceit

upon the purchaser.

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and

Defendant's agents, servants, employees and attorneys, and those persons in active concert or

participation with them who receive actual notice of this Judgment, are permanently restrained

and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act

[15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1,

240.13a-13] thereunder by filing or causing to be filed materially false and misleading annual or

quarterly reports with the Commission.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and

Defendant's agents, servants, employees and attorneys, and those persons in active concert or

participation with them who receive actual notice of this Judgment, are permanently restrained

and enjoined from aiding and abetting violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the

Exchange Act by aiding and abetting: (1) the failure to make and keep books, records and

accounts which accurately and fairly reflect transactions and dispositions of an issuer's assets; (2)

the failure of any such issuer to devise and maintain a system of internal accounting controls

sufficient to provide reasonable assurances that an issuer's corporate transactions are executed in

accordance with management's authorization and in a manner to permit the preparation of

financial statements in conformity with generally accepted accounting principles; or (3) falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from directly or indirectly violating or aiding and abetting violations of Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from directly or indirectly violating, or aiding and abetting violations of, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or

participation with them who receive actual notice of this Judgment, are permanently restrained

and enjoined from directly or indirectly violating, or aiding and abetting violations of, Exchange

Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by making or causing to be made false and misleading

statements or omitting or causing others to omit to state material facts necessary in order to make

statements made, in light of the circumstances under which such statements were made, not

misleading to an issuer's independent accountants and auditors in connection with audits and

examinations of an issuer's required financial statements or in connection with the preparation

and filing of documents and reports required to be filed with the Commission.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall

pay a civil penalty, pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the

Exchange Act, in the amount of $100,000. The civil penalty shall be paid in two installments of

$50,000 each: the first to be paid no later than 60 days from the entry of this Judgment, the

second to be paid no later than one year from the entry of this Judgment. Such payments shall be

made by U.S. Postal money order, certified check, bank cashiers check or bank money order

bearing on its face "SEC v. ALBERT J. DUNLAP, *et al.* /HO-03433," payable to the order of the

United States Treasury, and shall be delivered to the Office of the Comptroller, Securities and

Exchange Commission, 6432 General Green Way, Alexandria, VA  22312, under cover of a

letter that identifies the defendant, the name and civil action number of this litigation, and the

court in which it was brought. A copy of each cover letter and payment shall be transmitted

simultaneously to Kevin P. O'Rourke, Esq., counsel for the Plaintiff Commission, at the

following address:  Securities and Exchange Commission, Division of Enforcement, 450 Fifth

5

Street, N.W., Washington, DC  20549-0911.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to

Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act, for a period of five

years from entry of this Judgment Defendant shall be prohibited from acting as an officer or

director of any issuer that has a class of securities registered pursuant to Section 12 of the

Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.

## X.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that in connection with

this action or any related judicial or administrative action or investigation undertaken by or on

behalf of, or authorized by, the Commission or to which the Commission is a party, Defendant

shall be available for testimony at trial, regardless of residency or territorial limitations.

## XI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall

comply with the annexed Consent, which is incorporated herein by reference, with the same force

as if fully set forth in this Final Judgment.

## XII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XIII.

There being no just reason for delay, pursuant to Fed. R. Civ. P. 54(b), the Clerk is

ordered to enter this Judgment forthwith and without further notice.

Dated: _1/27/03_

JUDGE DONALD M. MIDDLEBROOKS

7