THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-8437-CIV-MIDDLEBROOKS/JOHNSON

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

DONALD R. UZZI,

    Defendant.



FILED by _____ D.C.

JAN 27 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## FINAL JUDGMENT AS TO DEFENDANT DONALD R. UZZI

Defendant Donald R. Uzzi ("Defendant") having (i) entered a general appearance; (ii) consented to the Court's jurisdiction over Defendant and the subject matter of this action; (iii) consented to the filing of the Second Amended Complaint; (iv) without admitting or denying the allegations of the Second Amended Complaint (except as to personal and subject matter jurisdiction, which he admits), consented to entry of this Judgment without further notice; (v) withdrawn any papers filed in this action, including his Answer, filed on July 26, 2001, to the Amended Complaint, to the extent that they deny any allegation in the Amended Complaint or Second Amended Complaint; (vi) waived findings of fact and conclusions of law; and (vii) waived any right to appeal from this Judgment, it is now:

**I.**

**ORDERED** that Plaintiff Securities and Exchange Commission is granted leave to file the Second Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

**II.**

**ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from violating or aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, (1) employing any device, scheme or artifice to defraud; (2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (3) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

**III.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by, directly or indirectly, in the offer or sale of any securities by the use of any

2

means or instruments of transportation or communication in interstate commerce or by the use of the mails, (1) employing any device, scheme, or artifice to defraud; (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13] thereunder by filing or causing to be filed materially false and misleading annual or quarterly reports with the Commission.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from aiding and abetting violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act by aiding and abetting: (1) the failure to make and keep books, records and accounts which accurately and fairly reflect transactions and dispositions of an issuer's assets; (2) the failure of any such issuer to devise and maintain a system of internal accounting controls

sufficient to provide reasonable assurances that an issuer's corporate transactions are executed in accordance with management's authorization and in a manner to permit the preparation of financial statements in conformity with generally accepted accounting principles; or (3) falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from directly or indirectly violating or aiding and abetting violations of Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified and book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, and Defendant's agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Judgment, are permanently restrained and enjoined from directly or indirectly violating, or aiding and abetting violations of, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall pay a civil penalty, pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, in the amount of $100,000. Such payment shall be made by U.S. Postal money order, certified check, bank cashiers check or bank money order bearing on its face "SEC v. ALBERT J. DUNLAP, *et al.* /HO-03433," payable to the order of the United States Treasury, and shall be delivered within ten calendar days after the date of this Judgment to the Office of the Comptroller, Securities and Exchange Commission, 6432 General Green Way, Alexandria, VA 22312, under cover of a letter that identifies the Defendant, the name and civil action number of this litigation, and the court in which it was brought. A copy of the cover letter and payment shall be transmitted simultaneously to Kevin P. O'Rourke, Esq., counsel for the Plaintiff Commission, at the following address: Securities and Exchange Commission, Division of Enforcement, 450 Fifth Street, N.W., Washington, DC 20549-0911.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall comply with the annexed Consent, which is incorporated herein by reference, with the same force as if fully set forth in this Final Judgment.

## X.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 1/27/03

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE